IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT LOUIS ADAMS, | ) | No. C 11-00466 JW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| D. ADAMS, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner pleaded guilty in Santa Clara County Superior Court to various drug related charges. (Pet. at 2.) Petitioner was sentenced to thirteen years in state prison on January 26, 2005. (Id.)

Petitioner filed state habeas petitions, with the California Supreme Court denying review on November 23, 2010. (Id. at 5.) Petitioner filed the instant federal habeas petition on January 31, 2011.

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.11\00466Adams_osc.wpd

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims that the trial court imposed a sentence that violates his Sixth Amendment rights under Apprendi, Blakely, Booker and Cunningham.[1] Petitioner claims that his trial attorney, the prosecutor and the trial judge failed to inform him of his rights under those line of cases, and therefore his plea was involuntary and coerced. Liberally construed, petitioner's claim appears cognizable under § 2254 and merits an answer from respondent.

Petitioner also alleges violations of state statutes. However, these claims are not cognizable under § 2254. The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Swarthout v. Cooke, No. 10-333, slip op. at 3-4 (U.S. Jan. 24, 2011). Accordingly, petitioner's state claims are DISMISSED.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005); Cunningham v. California, 549 U.S. 270 (2007).

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.11\00466Adams_osc.wpd      2

1  petition and all attachments thereto on respondent and respondent's attorney, the
2  Attorney General of the State of California. The clerk also shall serve a copy of this
3  order on petitioner.
4      2.    Respondent shall file with the court and serve on petitioner, within
5  **sixty (60) days** of the issuance of this order, an answer conforming in all respects to
6  Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
7  habeas corpus should not be issued. Respondent shall file with the answer and serve
8  on petitioner a copy of all portions of the state trial record that have been transcribed
9  previously and that are relevant to a determination of the issues presented by the
10 petition.
11     If petitioner wishes to respond to the answer, he shall do so by filing a
12 traverse with the court and serving it on respondent within **thirty (30) days** of his
13 receipt of the answer.
14     3.    Respondent may file a motion to dismiss on procedural grounds in lieu
15 of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
16 Governing Section 2254 Cases. If respondent files such a motion, petitioner shall
17 file with the court and serve on respondent an opposition or statement of non-
18 opposition within **thirty (30) days** of receipt of the motion, and respondent shall file
19 with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of
20 any opposition.
21     4.    Petitioner is reminded that all communications with the court must be
22 served on respondent by mailing a true copy of the document to respondent's
23 counsel. Petitioner must also keep the court and all parties informed of any change
24 of address.
25
26 DATED: April 21, 2011
27     JAMES WARE
    United States District Chief Judge
28

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.11\00466Adams_osc.wpd     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LOUIS ADAMS,

        Petitioner,

  v.

D. ADAMS, Warden,

        Respondent.
                                 /

Case Number: CV11-00466 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/22/2011 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Louis Adams V-65531
California Substances Abuse Treatment Facility
900 Quebec Avenue
P. O. Box 7100
Corcoran, CA 93112

Dated: 4/22/2011

                                        Richard W. Wieking, Clerk
                              /s/ By: Elizabeth Garcia, Deputy Clerk